CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2010 NOV 18 PM 5:38

DEPUTY CLERK _ac_

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIAM LOPEZ GARCIA, | § | |
| Petitioner, | § | |
| v. | § | 2:10-CV-0256 |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, and DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging a prison disciplinary case. On October 28, 2010, the United States Magistrate Judge issued a Report and Recommendation in this cause, recommending therein that the petition for a writ of habeas corpus be denied as petitioner is ineligible for mandatory supervised release and, thus, does not have a constitutionally protected liberty interest in his accrued good time. On November 15, 2010, petitioner filed objections to the Report and Recommendation.

The undersigned United States District Judge has made an independent examination of the record in this case. Petitioner's objections are without merit and are hereby OVERRULED. On numerous occasions, the Fifth Circuit has held that "[i]nmates have no protectable property or liberty interest in custodial classification." *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Moreover, the hearing report does not reflect a "recommendation" that petitioner be placed in administrative segregation, much less that

petitioner was, in fact, punished for the disciplinary offense with administrative segregation. Even if petitioner was placed in administrative segregation subsequent to the offense or the hearing, "the Supreme Court has long recognized that prison officials have the authority to transfer an inmate to more restrictive quarters for non-punitive reasons." *Randall v. McLeod*, 68 F.3d 470 at *1 (5th Cir. 1995) (*citing Mitchell v. Sheriff Dep't, Lubbock County, Tex.*, 995 F.2d 60, 63 (5th Cir. 1993) and *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983)). As petitioner does not cite to any statutes or regulations which create a liberty interest in petitioner's retaining the same level of restrictions and has not shown he was transferred to more restrictive quarters for punitive reasons, petitioner has not demonstrated a protected liberty interest at stake.

The Magistrate Judge's Report and Recommendation is hereby ADOPTED. Accordingly, the petition for a writ of habeas corpus filed by petitioner is DENIED.

IT IS SO ORDERED.

ENTERED this 18th day of November 2010.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE